CHARLES T. THATCHER

*v.*

CONSUMERS' GAS AND FUEL COMPANY.

[Submitted April 15th, 1907. Decided April 29th, 1907.]

The act of March 27th, 1878 (*Gen. Stat. p. 1613 § 33*), providing that whenever it may be necessary for any gaslight company to increase its bonded indebtedness it may, by a majority vote of its board of directors, with the consent of a majority of the stockholders holding sixty per cent. of the capital stock, increase the bonded indebtedness to an amount not exceeding two-thirds of the amount of the capital stock, merely conferred additional powers on such corporations as were not previously allowed to issue bonds to the amount fixed by the act, and did not restrict the privileges of those that already possessed the power to create bonded indebtedness to a greater amount than that named in the act.

On bill for injunction.

Defendant is a gas company of Atlantic City, New Jersey, incorporated under the General Gas act of April 21st, 1876 (*Gen. Stat. p. 1608*), and is about to increase its bonded indebtedness to an amount exceeding two-thirds of the amount of its capital stock. Complainant is a stockholder and seeks to enjoin the proposed corporate action upon the ground that the act of March

27th, 1878 (*Gen. Stat. p. 1613*), restricts the bonded indebtedness of gas companies to two-thirds of the amount of their capital stock.

The act of March 27th, 1878, is as follows:

"An act to enable gaslight companies, incorporated under the laws of this state, to increase their bonded indebtedness. Approved March 27th, 1878.

"SEC. 1. That whenever it may be necessary for any gaslight company, incorporated under the laws of this state, to increase their bonded indebtedness, for the purpose of increasing their business, or for any other purpose, then and in that case the said corporation, by a majority vote of its board of directors, after having obtained the consent of a majority of the stockholders representing at least sixty (60) per cent. of the capital stock, be and they are hereby authorized to increase said bonded indebtedness to any amount not exceeding two-thirds of the amount of the capital stock of said company, the said increase as aforesaid to be governed by the law and pursued under the mode directed by the act of incorporation of such gaslight company."

*Messrs. Thompson & Cole,* for the complainant.

*Messrs. Bourgeois & Sooy* and *Mr. Charles L. Corbin,* for the defendant.

LEAMING, V. C.

The only question here involved is whether or not the act of March 27th, 1878 (*Gen. Stat. p. 1613*), above quoted, operates to render it unlawful for a gas company, which is incorporated under what is known as the General Gas Company act (*Gen. Stat. p. 1608*), to issue bonds to an amount in excess of two-thirds of the amount of its capital stock.

A brief statement of the condition of the law at the time the act now in question was enacted would seem to be essential to a perfect understanding of the legislative purpose in its enactment.

The general act for the formation of gas companies was passed at the first session of the legislature after the constitutional amendment became operative which prevented special legislation conferring corporate powers. That act contains no provision touching the right of corporations organized under it to incur debts or to issue bonds or other evidences of indebtedness. In

the absence of such provision the right existed as an implied power. *Lucas* v. *Pitney, 27 N. J. Law (3 Dutch.) 221, 228; Fifth Ward Savings Bank* v. *First National Bank, 48 N. J. Law (19 Vr.) 513, 523; 4 Thomp. Corp. Off.* § *5697; 5 Id. 6050, 6051.* The right to execute a mortgage which should include corporate franchises in its lien could not exist as an implied power. That right existed in virtue of the General Corporation act, which provided "that every corporation, as such, shall be deemed to have power * * * to mortgage any such real or personal estate with their franchises." In 1891, and again in 1897 and 1902, the legislature passed supplements to the General Gas act authorizing gas companies formed under that act to execute mortgages on their real and personal property, including their franchises. *P. L. 1891 p. 271; P. L. 1897 p. 202; P. L. 1902 p. 277.* These supplements were, I think, wholly unnecessary.

The act now in question was enacted two years after the General Gas act, but not as a supplement to it. At that time there existed in this state a great number of gas companies incorporated by special legislative acts. An examination of these special acts will disclose that a great number of them contain provisions authorizing money to be borrowed and bonds and other assurances to be issued therefor to an amount not exceeding one-half of the amount of the capital stock; others contain similar express powers to the amount of two-thirds of the capital stock; others contain provisions for borrowing money and issuing securities without any restriction as to amount, and others contain no provisions touching the subject of indebtedness.

With this general view of the condition of legislation at the time, the legislative purpose in the passage of the act in question seems apparent. The act is, by its title, an enabling act. It is "to enable gaslight companies, incorporated under the laws of this state, to increase their bonded indebtedness." The provisions of the act enabling the increase of bonded indebtedness necessarily assume in the corporations to be affected by it a pre-existing but restricted power to create a bonded indebtedness. This clearly negatives any possible legislative purpose to apply the operation of the act to corporations already possessing the

.powers without restriction, and therefore excludes from any rational legislative intent such corporations as already possessed the power to create bonded indebtedness to a greater amount than that named in the act. I think it clear, therefore, that the act can only be regarded as an act conferring additional powers on such corporations as were previously restricted in the particulars referred to.

A preliminary injunction will be denied.